# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

G.D. van Wagenen Financial Services, Inc.,

                              Plaintiff,

v.

Santander Consumer USA, Inc.,

                              Defendant.

Civ. No. 14-3102 (RHK/TNL)

**ORDER**

Mark R. Bradford, Bryan R. Browning, Bassford Remele, P.A., Minneapolis, Minnesota, for Plaintiff.

Aaron B. Chapin, Reed Smith L.L.P., Chicago, Illinois, for Defendant.

Plaintiff G.D. van Wagenen Financial Services ("van Wagenen") and Defendant Santander Consumer USA, Inc. ("Santander") entered into three contracts on July 6, 2012. (Am. Compl. ¶ 5.) These contracts were for two years, to automatically renew unless properly terminated. (Id. ¶ 9.) In its Complaint, van Wagenen claims the contracts automatically renewed on July 6, 2014, and Santander subsequently breached them. (Id. ¶¶ 10, 12, 14.) Santander filed this Motion to Dismiss, arguing it did not breach because it had terminated the contracts prior to the alleged breach.[1] To support its argument, Santander submitted five documents to the Court, including what it claims is a letter terminating the contracts. The issue before the Court now is whether to consider this letter in deciding the Motion to Dismiss.

---

[1] Van Wagenen does allege one instance of nonpayment before Santander's purported termination. (Am. Compl. ¶ 14.)

Courts do not rely on documents outside the pleadings in a motion to dismiss. E.g., Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). But not every document presented to the Court is outside the pleadings; for example, "matters incorporated by reference or integral to the claim" and "exhibits attached to the complaint whose authenticity is unquestioned" may be relied on in a motion to dismiss. Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013) (internal citations omitted). If a party does present documents outside the pleadings, however, the Court has "complete discretion" to decide whether to accept them. Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003). And if it does, the motion to dismiss "must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). In that case, all parties must be given reasonable time to conduct discovery on the issues pertinent to the motion. Id.; Barron ex rel. D.B. v. S.D. Bd. of Regents, 655 F.3d 787, 791 (8th Cir. 2011).

In the Court's view, the letter Santander submitted is a matter outside the pleadings. First, it is not incorporated by reference in the Complaint. The Amended Complaint alleges that "Santander did not provide notice of termination to van Wagenen in accordance with the terms of the MSA." (Am. Compl. ¶10.) Nothing in that allegation references the existence of any method of termination, including a letter. In fact, rather than suggesting a termination letter, it suggests that *no* termination existed. The Court recognizes that van Wagenen's original Complaint *did* reference a termination letter ("Santander did not mail a termination letter to van Wagenen's Legal Department . . . as required." (Compl. ¶ 10.)). Though in the Court's mind van Wagenen played too fast and loose with the pleadings by amending the Complaint to remove that

2

language, it ultimately looks only to the language in the Amended Complaint.  In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (holding that an amended complaint supersedes the original complaint).  Second, van Wagenen gives the Court further reason to find the letter to be outside the pleadings by implicitly disputing its authenticity, referring to it as "purported" and "unauthenticated." (Mem. in Opp'n, 1, 6, 10.)  See Dittmer, 708 F.3d at 1021 (relying in part on the fact that attached documents were undisputed in deciding to consider them on a motion to dismiss); BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687 (8th Cir. 2003) (same).

Nonetheless, the Court believes the termination issue is a threshold one in this case, and it will consider the termination letter.  To do so, the Court will convert this Motion to one for Partial Summary Judgment.  The parties are entitled to some limited discovery on the question of termination prior to a decision by the Court.  Relevant questions are still outstanding, including clarifying the meaning of the letter and determining who received the letter and when.  And as Rule 12(d) makes clear, when the Motion is converted to one for summary judgment, "all parties must be given reasonable time to conduct discovery on the issues pertinent to the motion."  Fed. R. Civ. P. 12(d); Barron ex rel. D.B., 655 F.3d at 791.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant Santander's Motion to Dismiss (Doc. No. 30) (now considered to be a Motion for Partial Summary Judgment) is **DENIED WITHOUT PREJUDICE** to Santander filing a Motion for Partial Summary Judgment following a period of expedited discovery on the issue of whether the parties' contracts were

terminated before they were to automatically renew on July 6, 2014.  The parties shall contact Magistrate Judge Leung to establish an expedited discovery and briefing schedule.

Date:  January 8, 2015

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge